IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00360-CR

Â Â Â Â Â CLIFTON RANDOLPH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2002-520-C
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The analysis of issue one is generally unnecessary. I do not agree with the majorityâs
application of law, in particular, Graff, or other statements leading to its conclusion that the
trial court erred in admitting a photograph into evidence. 
Â Â Â Â Â Â But fortunately, the majorityâs error has no effect on the Courtâs judgment because it
determines the trial court error was harmless. I agree that if there was error, a conclusion the
majority reached and with which I disagree, it was certainly harmless.
Â 

Â Â Â Â Â Â Therefore, I concur in the judgment only.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Concurring opinion delivered and filed May 12, 2004
Do not publish



ld be an attack on the manner in which the amount of cost assessed was
determined and made part of the criminal judgment.  Second, the complaint could
be regarding the manner in which an inmateÂs account was garnished for the cost
as assessed in the inmateÂs criminal judgment.Â  It appeared to me that this
issue would determine the characterization of these proceedings as criminal or
civil, as well as determine the forms of appellate review that might be
available.

Â Â Â Â Â Â Â Â Â Â Â  Because a majority of the Tenth Court
of Appeals went another direction, this issue was never joined by the parties
in this proceeding, or in any of the prior proceedings, and neither briefed nor
decided by the court of appeals.Â  See In re Keeling, 227 S.W.3d
391 (Tex. App.ÂWaco 2007, orig. proceeding).

Â Â Â Â Â Â Â Â Â Â Â  Based upon what we have as a record in
this proceeding, we are, at this time, unable to properly analyze the complaint
and, thus, unable to determine the true nature of the proceeding as either
criminal or civil; and thus we are currently unable to properly determine what,
if any, remedy might be available for judicial review.Â  Because of these
inabilities, the disposition of this proceeding is premature, and I
respectfully dissent from the dismissal of this proceeding for want of
jurisdiction of an appeal of a criminal proceeding.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Dissenting
opinion delivered and filed March 12, 2008

Publish